**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DRIVE DEVELOPMENTS, INC.; BAE SYSTEMS TACTICAL VEHICLE SYSTEMS LP; and LARRY OSENTOSKI, | § | |
| Petitioners, | § | |
| vs. | § | Civil Action No. 4:10-cv-01114 |
| MTS TECHNOLOGIES, INC., | § | |
| Respondent. | § | |

**RESPONDENT MTS TECHNOLOGIES, INC.'S MOTION FOR STAY OF CONFIRMATION OF THE ARBITRATION AWARD**

Kenneth E. Broughton
Texas Bar No. 03087250
Southern District Bar No. 13428
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Facsimile: (713) 547-2600

**ATTORNEY FOR RESPONDENT, MTS TECHNOLOGIES, INC.**

TO THE HONORABLE JUDGE ELLISON:

Petitioners Drive Developments, Inc. ("DRIVE"), Larry Osentoski and BAE Systems Tactical Vehicle Systems LP ("BAE") have filed a Joint Petition to Confirm an Arbitration Award. In a separate filing, Respondent MTS Technologies, Inc. ("MTS") has moved for partial vacatur of the arbitration award. MTS respectfully files this motion to stay confirmation of the remaining portions of the arbitration award (the portions it does not challenge by vacatur) pending the outcome of related arbitration proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual background – which is fully set forth in MTS's Brief in Support of its Petition for Partial Vacatur, filed contemporaneously with and incorporated herein (with exhibits) by reference – is summarized below.

MTS entered into a contract with BAE to develop prototype telediagnostic units ("MTS/BAE Purchase Order"). That contract had an arbitration clause specifying that disputes would be resolved by arbitration in a Texas forum and under Texas law. (Docket No. 1, Joint Petition, Exs. A & B.)

Larry Osentoski supervised the implementation of the MTS/BAE Purchase Order on behalf of MTS until he was terminated. Shortly after his termination, Osentoski formed DRIVE and hired two other former MTS employees, Michael Grattan, and Aaron Harris. Together they developed and marketed telediagnostic technology called "DIME," which was very similar to MTS's technology. After DRIVE prevailed over MTS in a bidding process for the next phase of the BAE work, a dispute arose over the fairness of the bidding process and the nature of the DIME technology. Consequently, as contemplated in the arbitration clause of the MTS/BAE

Purchase Order, MTS initiated the underlying arbitration proceedings in Texas against BAE, DRIVE, and Osentoski.

Once MTS obtained the DIME source code near the conclusion of the discovery phase of the Texas arbitration, MTS determined that the DIME technology likely fell within the scope of Patent Assignment Agreements signed by Osentoski, Michael Grattan, and Aaron Harris during their employment with MTS. In the three Patent Assignment Agreements, Osentoski, Grattan and Harris "convey[ed], assign[ed], and transfer[red] to [MTS] all rights, title and interests in and to the Inventions, the Applications, all divisions, substitutions, continuations, and continuations-in-part thereof," with the term "Invention" defined as the "Diagnostic Data Reporting Methodology for Real Time Remote Systems Monitoring via Open Public Networks." (*See* Exs. F – H, Recitals and § 2.)[1]

Each Patent Assignment Agreement states that it "shall be governed by the laws of the State of Florida and venue shall be in Washington D.C." (*See* Exs. F – H § 9.) Accordingly, MTS filed a second arbitration in Washington D.C. (the "D.C. arbitration"), alleging that Osentoski, Grattan, and Harris breached their Patent Assignment Agreements. (*See* Ex. I.) MTS moved the arbitration panel in the underlying proceedings to continue the hearing and consolidate the Texas and the Washington D.C. arbitration proceedings. (*See* Ex. J.) The arbitration panel denied MTS's motion and instead held a four-day evidentiary hearing in January 2010.

On March 31, 2010, the Texas panel issued a Final Reasoned Award in favor of BAE, DRIVE, and Osentoski. (Docket No. 1, Joint Petition, Ex. C, ¶ 40.) The Petitioners moved to

---

[1] Exhibit references are to the exhibits attached to MTS' contemporaneously-filed Brief in Support of its Petition for Partial Vacatur, or in the Alternative, for Modification of the Arbitration Award.

confirm the award in this Court. Because the D.C. arbitration could result in rulings that conflict with those of the Texas panel, MTS seeks a stay of confirmation pending the outcome of the D.C. arbitration.

## ARGUMENT AND AUTHORITIES

### I. This Court has discretion to grant a stay of confirmation pending the outcome of the Washington D.C. arbitration.

This Court is authorized to issue a stay of a confirmation action under 9 U.S.C. § 12, which provides that "judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award." *See also* 3 FEDERAL PROCEDURE, LAWYERS EDITION, § 4:139 ("A party moving to vacate or correct an award may also file a motion for an order to stay proceedings by an adverse party to enforce the award.").

Common law authority also indicates that a district court has discretion to stay confirmation of an arbitration award pending the outcome of a related arbitration proceeding. *See, e.g., Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105-06 (1st Cir. 1995) (holding that, under the New York Convention governing foreign arbitration awards, a district court has the authority to stay confirmation pending the outcome of a second arbitration); *Sheet Metal Workers Int'l Ass'n, v. Murphy Constr. Co.*, 191 F.3d 909, 910 (8th Cir. 1999) (staying confirmation of an arbitration award pending the outcome of related administrative proceedings); *Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69, 74 (2d Cir. 1986) (staying confirmation of an arbitration award pending the outcome of related administrative proceedings); *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, 1997 WL 16663, at *7 (S.D.N.Y. 1997) (holding that enforcement of an arbitration award should be stayed pending a related arbitration).

The Fifth Circuit has not reached the issue of whether a district court has inherent authority to stay confirmation pending a related arbitration. *See Wartsila Finland Oy v. Duke Capital LLC*, 518 F.3d 287, 294 (5th Cir. 2008) (declining to consider whether there is an inherent authority to stay in a case involving the New York Convention and refusing to stay based on the facts of the case). But it is well-established that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This power is not diminished simply because a case involves the Federal Arbitration Act. The FAA was not intended to create "a major departure from the ordinary rule allowing one federal court to stay litigation" while another forum is "deciding the same issue." *Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 383 (1st Cir. 1982).

In any case, a stay is entirely consistent with section 9 of the Federal Arbitration Act because a stay does not deny confirmation; it simply defers it. *Armada Parcel Serv.*, 1997 WL 16663, at *7; *see also Hewlett-Packard*, 61 F.3d at 106 (applying the same reasoning to similar language under the New York Convention). Accordingly, this Court has discretion to grant a stay of confirmation.

## II. A stay of confirmation is necessary to avoid potentially conflicting rulings.

A stay is proper in this case to avoid potentially inconsistent results or conflicting determinations. *See Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69, 74 (2d Cir. 1986) (staying confirmation of an arbitration award pending the outcome of related proceedings by the NLRB); *Citgo Petroleum Corp. v. M/T Bow Fighter*, 2009 WL 960080, at *6 (S.D. Tex. 2009) (staying litigation pending arbitration pursuant to the court's inherent authority); *Odell Assocs., Inc. v. Alton Ochsner Med. Foundation*, 2002 WL 10465, at *3 (E.D. La. 2002) (invoking discretionary power to stay litigation pending arbitration).

In the D.C. arbitration, MTS will pursue claims that Osentoski, Harris and Grattan breached their Patent Assignment Agreements by the use, disclosure and distribution of DIME, because the DIME technology had been assigned to MTS in those agreements. In accordance with the terms of the Patent Assignment Agreements, MTS could bring those claims only in a D.C. arbitration. If MTS were to succeed on those claims, the D.C. arbitration panel could issue rulings that conflict with the Texas panel's declarations and injunctions regarding DIME's ownership, as well as the award of monetary relief to Osentoski for his disparagement and defamation claims, which were based in part on MTS's statements regarding the ownership of DIME.

In the event of a conflict, "subsequent arbitrators may set aside or modify a previous award in certain circumstances," and if awards are inconsistent and a "need for resolving conflict is evident," a federal court should "select that interpretation which most nearly conforms to the intent of the parties." *Connecticut Light & Power Co. v. Local 420, Int'l Brotherhood of Elec. Workers*, 718 F.2d 14, 20-21 (2d Cir. 1983) (vacating first of two arbitration awards because the decision of the first arbitrator — which included an order of prospective relief in favor of the union — simply could not be reconciled with the result reached by a second arbitrator in a case involving the same underlying factual dispute).

**CONCLUSION AND PRAYER**

For the foregoing reasons, Respondent MTS respectfully asks this Court to stay confirmation of the arbitration award pending the outcome of the Washington D.C. arbitration, and grant all such other and further relief to which Respondent MTS may be justly entitled.

Respectfully submitted,

*/s/ Kenneth E. Broughton*

Kenneth E. Broughton
Texas Bar No. 03087250
Southern District Bar No. 13428
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Facsimile: (713) 547-2600

**ATTORNEYS FOR RESPONDENT,**
**MTS TECHNOLOGIES, INC.**

OF COUNSEL:

Mark Trachtenberg
Texas Bar No. 24008169
Southern District Bar No. 24584
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Facsimile: (713) 547-2600

- and -

Richard Scott Draughon
Florida Bar No. 0633747
830-13 North A1A- 381
Ponte Vedra Beach, Florida 32082
Telephone: (904) 285-2521
Facsimile: (904) 280-3072

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Petitioners and that they are opposed to the relief requested in this Motion.

*/s/ Mark Trachtenberg*
Mark Trachtenberg

## CERTIFICATE OF SERVICE

I certify that on this 11th day of June 2010, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Southern District of Texas:

***Counsel for Petitioners*:**

Joseph G. Thompson III
Todd S. Frank
WATT BECKWORTH THOMPSON & HENNEMAN, L.L.P.
1800 Pennzoil Place, South Tower
711 Louisiana
Houston, Texas 77002

Andrew M. Edison
EDISON, MCDOWELL & HETHERINGTON, L.L.P.
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027

*/s/ Kenneth E. Broughton*
Kenneth E. Broughton

H-842240.3