IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DRIVE DEVELOPMENTS, INC.;** | § | |
| **BAE SYSTEMS TACTICAL VEHICLE** | § | |
| **SYSTEMS LP; and LARRY OSENTOSKI** | § | |
| Petitioners, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:10-cv-01114** |
| | § | |
| **MTS TECHNOLOGIES, INC.** | § | |
| Respondent. | § | |

### BAE SYSTEMS TACTICAL VEHICLE SYSTEMS LP'S OPPOSITION TO MOTION TO STAY CONFIRMATION OF THE ARBITRATION AWARD

BAE Systems Tactical Vehicle Systems LP ("BAE Systems") files this Opposition to Motion to Stay Confirmation of the Arbitration Award, and would show the Court as follows:

### Introduction

1. MTS Technologies, Inc. ("MTS") filed an arbitration action against BAE Systems without any support in law or in fact, forcing BAE Systems to spend hundreds of thousands of dollars defending baseless accusations. BAE Systems repeatedly told the three-member arbitration panel that MTS's claims against BAE Systems were totally frivolous. After hearing all the evidence presented, the arbitration panel completely agreed with BAE Systems. In a strongly worded opinion, the panel held that MTS's claims had no merit, that MTS had pursued this arbitration in bad faith and that MTS should pay BAE Systems a total of $301,870.89 in attorney's fees and expenses incurred in defending this action.

2. In its Motion for Stay of Confirmation of Arbitration Award, MTS asks this Court to stay confirmation of the arbitration award until a second arbitration between the parties is completed. This argument has absolutely no merit and should be rejected. Drive Developments, Inc. and Larry Osentoski have filed a comprehensive Response to Motion to Stay Confirmation.

BAE Systems incorporates that Response and will not repeat the same arguments here. There are, however, a few points that relate solely to BAE Systems that deserve a brief mention.

**Argument and Authorities**

3.   In the underlying arbitration, MTS asserted that BAE Systems improperly awarded a "follow-on" contract for telediagnostic work to Drive Developments, Inc. ("Drive"), thereby depriving MTS of the work. Specifically, MTS' Statement of Claim in the arbitration alleged four causes of action against BAE Systems: (1) Infringement, Copyright Violation, Misappropriation of Trade Secrets; (2) Tortious Interference/Fraud; (3) Breach of Contract; and (4) Good Faith/Ethics. The arbitration panel rejected each claim for affirmative relief and did not mince words:

> 54.   Respondents asserted that MTS brought and then maintained this arbitration frivolously and in bad faith. The Panel agrees. The evidence established that Osentoski, DRIVE, and BAE Systems did nothing inappropriate
>
> 55.   The Panel finds that this arbitration was groundless and frivolous as to Respondent BAE Systems. There was no evidence that BAE Systems committed any wrong, and MTS even failed to articulate a viable legal cause of action.
>
> 56.   The Panel finds that this arbitration was brought by MTS in bad faith and is frivolous. Further, the Panel has the discretion to sanction parties for this conduct, including but not limited to an award of attorney's fees and costs....

*See* Final Reasoned Award, attached as Exhibit A to Drive Developments, Inc. and Larry Osentoski's Response to Motion to Stay Confirmation, at ¶¶ 54-56.

4.   MTS now asks this Court to stay the confirmation of the arbitration award because "[a] stay is proper in this case to avoid potentially inconsistent results or conflicting determinations." *See* Motion for Stay of Confirmation of the Arbitration Award at p. 4. This assertion is completely misleading, especially with respect to BAE Systems. The arbitration

panel denied MTS's claims for affirmative relief against BAE Systems, finding that they were frivolous and brought in bad faith. MTS has not challenged those findings here and there is *nothing* in a second arbitration that will conflict with those findings.

5. In the second arbitration,[1] MTS complains that "Osentosksi, Harris and Grattan breached their Patent Assignment Agreements by the use, disclosure and distribution of DIME, because the DIME technology had been assigned to MTS in those agreements." *Id.* at p. 5. Even if MTS prevailed on those claims in a second arbitration (which it would not since the claims would be clearly barred by res judicata), that has no impact on the first arbitration panel's findings *with respect to BAE Systems* that MTS acted in bad faith and filed frivolous claims against BAE Systems. As such, there is simply no reason whatsoever to stay confirmation of the arbitration award as it applies to BAE Systems.

**Conclusion**

For the reasons stated above, this Court should reject the effort by MTS to stay confirmation of this arbitration award.

---

[1] MTS asserts that it will pursue a second arbitration in Washington D.C. Although there are several Patent Assignment Agreements between MTS, Osentoski, Harris and Grattan that contain an arbitration provision selecting Washington D.C. as the forum for the arbitration, MTS fails to note that (1) there is no Patent Assignment Agreement between MTS and BAE Systems; and (2) there is no arbitration provision between MTS and BAE Systems that calls for arbitration in Washington D.C. There is an arbitration clause between MTS and BAE Systems contained in a September 21, 2006 a purchase order. That arbitration clause requires arbitration in Houston, Texas (the site of the first arbitration). Accordingly, BAE Systems has objected to the locale for the second arbitration.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By  */s/Andrew M. Edison*
     Andrew M. Edison
     Federal ID 18207

Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  (713) 337-5581
Facsimile:  (713) 337-8841

**ATTORNEY-IN-CHARGE FOR**
**BAE SYSTEMS TACTICAL SYSTEMS LP**

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2010, a true and correct copy of *BAE Systems' Opposition to Respondent's Motion to Stay Confirmation of the Arbitration Award* was served on all parties in this litigation by the Courts Electronic Case Filing System.

Kenneth E. Broughton
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010-2007

Joseph G. Thompson III
Todd S. Frank
WATT BECKWORTH THOMPSON & HENNEMAN, L.L.P.
1800 Pennzoil Place, South Tower
711 Louisiana
Houston, Texas 77002

*/s/Andrew M. Edison*
Andrew M. Edison